# Commonwealth ex rel., Appellant, v. Butler (No. 1).

*Justice of the peace—Suit for penalty—Filling up ditch—Act of June 13, 1836, P. L. 551—Certiorari—Quashing appeal.*

1. A judgment of the court of common pleas reversing a judgment of a justice of the peace in a suit brought in the name of the commonwealth to recover the penalty provided by sec. 67 of the Act of June 13, 1836, P. L. 551, for wrongfully filling up a ditch or drain is not conclusive, and an appeal lies therefrom to the Superior Court. Such a suit is not a civil action within the meaning of secs. 22 and 24 of the Act of March 20, 1810, 5 Sm. L. 161.

2. The penalty provided by sec. 67 of the Act of June 13, 1836, P. L. 551, for filling up or injuring a drain or ditch, made by a supervisor, for draining water from a public road, does not apply to such a ditch within

the limits of a borough which had been created out of territory which was formerly part of a township. If a justice of the peace wrongfully enforces such a penalty, his judgment may be reversed on certiorari, although the writ of certiorari issued more than twenty days after the entry of the judgment by the justice; and this is the case because the record showed that the justice had no jurisdiction, and also because the proceeding is not a civil action to which alone the twenty day rule applies.

3. Where a motion is made in the common pleas to quash a writ of certiorari to a justice of the peace, for certain grounds stated, and such a motion is overruled, such action of the court will be construed as an order allowing the writ nunc pro tunc, no previous allowance of the writ having been made by the court.

Argued Oct. 26, 1908.   Appeal, No. 211, Oct. T., 1907, by plaintiff, from order of C. P. Centre Co., May T., 1907, No. 28, reversing judgment of justice of the peace in case of Commonwealth ex rel. Reuben Lucas v. Burdine Butler. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Certiorari to justice of the peace.   Before ORVIS, P. J.

*Errors assigned* were in the following form:

1. The learned court erred in overruling the motion to quash the writ of certiorari, which motion and reasons are as follows:

Now, May 20, 1907, the defendant in error by his counsel moves that the writ of certiorari in the above-stated case be quashed for the following reasons:

First. Because the record shows that the defendant was present at the hearing before the justice and judgment was entered against him for the penalty sued for, October 18, 1906, of which he had due notice, almost five months before he sued out this writ, and there was no warrant or authority in law for issuing the same.

Second. Because the defendant below, plaintiff in error on November 30, 1906, obtained a rule from this court to show cause why he should not be permitted to enter appeals in said two cases, nunc pro tunc, which rule was discharged by the court on February 25, 1907. Which rule was to No. 5, Feb-

ruary Term, 1907, and having resorted to an appeal he cannot
sue out a certiorari after the twenty days have expired from
the rendition of the judgment by the justice, the defendant ap-
pearing and having due notice of the same.

The defendant in error therefore prays the court to quash
said writ at the costs of the plaintiff in error.

2. The learned court erred in not quashing the writ of cer-
tiorari because the same was taken out without a special al-
lowance by the court.

3. The learned court erred in reversing the judgment of the
justice on the record thereof.

*John G. Love,* for appellant.—A certiorari taken out more
than twenty days after the entry of judgment is too late, and
will be quashed or discharged, and the judgment affirmed, un-
less the justice was without jurisdiction or the judgment ob-
tained fraudulently: Galley v. Davenport, 1 Ashmead, 149;
Bristol Mfg. Co. v. Smith Bros. & Turner, 6 Pa. Dist. Rep.
332; Commonwealth v. Fiegle, 2 Phila. 215; Young v. Trunk-
ley et al., 22 Pa. C. C. Rep. 127.

A special allowance from the court of common pleas must be
had, for a writ of certiorari to a justice of the peace in a sum-
mary conviction: Com. v. Antone, 22 Pa. Superior Ct. 412;
Com. v. Mattern, 24 Pa. C. C. Rep. 655.

The act does not in any sense require a conviction, or pro-
vide for any imprisonment in default of paying the judgment
recovered.  It is therefore a civil action and is governed by the
rules that would govern an action of trespass or actions de son
tort: Garman v. Gamble, 10 Watts, 382; Ott v. Jordan, 116
Pa. 218; Com. ex rel. v. Betts, 76 Pa. 465; Blessington v.
Com., 12 Cent. Repr. 512; Com. v. Borden, 61 Pa. 272; Com.
v. Davison, 11 Pa. Superior Ct. 130; Fetterman v. Robbins,
100 Pa. 282.

*C. S. McCormick,* with him *D. F. Fortney* and *D. P. Fortney,*
for appellee.—The writ should be quashed: Allegheny Loan &
Trust Co. v. Gundling, 33 Pa. Superior Ct. 621; Borland v.
Ealy, 43 Pa. 111; Jacobs v. Ellis, 156 Pa. 253; Deering Har-

vester Co. v. Zink, 33 Pa. Superior Ct. 512; Diehn v. Parkes, 1 Monaghan, 174; Adams v. Berge, 30 Pa. Superior Ct. 422; Stewart v. Lindsay, 3 Pennypacker, 85.

Sections 22 and 24 of the act of 1810 do not apply: Ott v. Jordan, 116 Pa. 218; Spicer v. Rees, 5 Rawle, 119; Garman v. Gamble, 10 Watts, 382; Com. v. Evans, 13 S. & R. 426; McGinnis v. Vernon, 67 Pa. 149.

The act of 1836 deals wholly with township roads and there is not a word in it indicating that its terms are intended to be applicable to boroughs: Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Gelbert, 170 Pa. 426; Com. v. Nesbit, 34 Pa. 398; Reid v. Wood, 102 Pa. 312.

The limitation of twenty days for taking a certiorari does not apply in cases in which the justice has no jurisdiction, either of the parties or the matter: Lacock v. White, 19 Pa. 495; Graver v. Fehr, 89 Pa. 460; Wenger & Bro. v. Hartman, 3 Justices' L. R. 114; Minogue v. Ashland Boro., 4 Justices' L. R. 36; Nalen v. Burke, 12 Pa. C. C. Rep. 490.

In a certiorari to a justice of the peace, the twenty-day limit will not apply where the question is one of jurisdiction; it is never too late to take advantage of the want of jurisdiction: Heaney v. Faust, 20 Pa. C. C. Rep. 73; Ingham v. Sickler, 1 Leg. Chron. 151; Collins v. Collins, 37 Pa. 387, 388.

A judgment before a justice of the peace being void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time, the objection on that ground is brought to the attention of a supervising court. Being void it has no efficiency at any time. The defendant can afford to disregard it until an effort is made to enforce it: Corson v. Sullivan, 1 Justices' L. R. 75; Gates v. Sawyer, 2 Justices' L. R. 223; Pantall v. Dickey, 123 Pa. 431; Allen v. Krips, 119 Pa. 1.

There is no constitutional requirement that the judges of the court of common pleas must allow writs of certiorari to justices of the peace: McGinnis v. Vernon, 67 Pa. 149; Edwardsville Borough v. Rice, 7 Kulp, 432.

Opinion by Head, J., April 12, 1909:

The trifling sum of money involved in this appeal gives but

little indication of the number and character of the questions which the industry and skill of counsel have presented in this record for our consideration.

The sixty-seventh section of the Act of June 13, 1836, P. L. 551, provides, "If any person shall stop, fill up or injure any drain or ditch made by any supervisor for the purpose of draining the water from any public road or highway, or shall divert or change the course thereof, without the authority of the supervisor for the time being, such person shall, for every such offense, forfeit and pay a sum not less than $4.00 nor more than $20.00." By the seventy-eighth section of the same act it is provided that all fines and pecuniary penalties which may be incurred under any of the provisions of the act shall be recovered in the name of the commonwealth at the instance of any person who will sue therefor, in the same manner as debts of like amount are recoverable with costs; one moiety for the use of the person suing and the other for the township for the use of the road. It appears from the record that on October 12, 1906, a summons was issued by a magistrate of Centre county requiring the appearance of the present appellee on the day therein named "to answer an action of assumpsit for a penalty of $20.00 for the violation of the sixty-seventh section of the act of June 13, 1836." The defendant appeared and the record of the magistrate declares that the witnesses examined on the part of the plaintiff "testified that a ditch or drain was made by the street commissioners of Howard borough to drain the water off Walnut street, a public road or highway. . . . That the defendant, Burdine Butler, did on July 00, 1906, fill up said ditch and turn the water upon said road . . . . without the authority of the street commissioners or any one else having any jurisdiction of said road. . . . After hearing the parties, their proofs and allegations, judgment is publicly entered in favor of the plaintiff for a penalty of $15.00 and costs." Some months later, in March, 1907, a writ of certiorari issued out of the court of common pleas at the instance of the defendant without a previous order of allowance by the said court. A number of specifications of error were filed, some of which were sustained by the said court, and as a result "the judgment

of the justice of the peace so far as the same be a judgment against Burdine Butler" was reversed. The relator then took this appeal.

We are asked in the first instance to quash the appeal because under the twenty-second section of the Act of March 20, 1810, 5 Sm. L. 161, the judgment of the court of common pleas in such case is final. The question raised by this motion is not an open one. In Commonwealth v. Betts, 76 Pa. 465, a similar proceeding under the same section of the act of 1836 was under consideration and a like motion to quash was made. In delivering the opinion Chief Justice AGNEW, after an elaborate review of the authorities, reaches this conclusion: "We are therefore of opinion that an action such as this, in the name of the commonwealth, to recover a penalty for a statutory offense, is not a civil action, such as is meant in the twenty-second and twenty-fourth sections of the act of 1810. It may be so in form, but in its true nature and effect, it is a proceeding for a criminal offense, the supervision of which the essential interests of the public require to belong to this court." The distinction as pointed out in the opinion between that case and some of the earlier ones—of which Spicer v. Rees, 5 Rawle, 119, is perhaps the leading one—seems to have become the settled law of the state. In Mahanoy Boro. v. Wadlinger, 142 Pa. 308, it was held that an action brought in the name of the city to recover a penalty for the violation of an ordinance was within the provisions of the act of 1810, and as a consequence that the judgment of the common pleas on the writ of certiorari was final, but the position taken in Commonwealth v. Betts, 76 Pa. 465, was recognized as sound and remains unshaken. The motion to quash must therefore be denied.

We must next consider whether or not the court of common pleas was warranted in reversing the proceeding before the magistrate. It will be observed that the act of the defendant upon which the proceeding was based is prohibited by a section of the act of assembly known as the General Road Law. The thing prohibited is the stopping, etc., of "any drain or ditch made by any supervisor," and such act must be done "without the authority of the supervisor," and one-half of the penalty

to be recovered is to be "for the township for the use of the road." The section of the act of assembly quoted is penal in its character and must be strictly construed against those seeking to enforce it. As was said in another part of the opinion quoted from, "The prohibited act therefore being a public offense and the action in the name of the state herself, the action is really for a criminal charge and therefore does not fall properly within the twenty-second section or the twenty-fourth section of the act of 1810."

It appears from the record that the ditch in question was not located in any township, but in the borough of Howard and on or alongside of a public street, Walnut street, of that borough. When the borough of Howard was created out of territory theretofore a part of the township of Howard, so much of the public roads of the township as was embraced within the limits of the incorporated borough ceased to be township roads and became borough streets. The supervisors of the township no longer could lawfully exercise any jurisdiction over them. They were free from responsibility for their maintenance. The township supervisor could no longer lawfully give his consent to the commission of any act within the borough limits affecting one of its public streets. The newly created borough became responsible to the public for the maintenance of those streets and had the right to provide by ordinance the manner in which they should be cared for by the proper borough authorities and used by its citizens. It seems clear to us, therefore, that the section of the act of assembly under which this proceeding was begun ceased to be operative within the limits of the borough of Howard. If this were not so, then this section of the act would still be in force in every borough of the commonwealth which since 1836 had been created out of township territory, and citizens, nay even officers of such boroughs, might be proceeded against and fined because of acts done without the authority of the supervisor and the money so recovered would be applicable to the adjoining township for the use of the roads. Such a construction seems to us to be unreasonable. It is true the public roads of a township at or near where they meet the streets of a borough

may be injuriously affected by some act done either by the officers of the borough or by one of its citizens along a borough street, but it does not follow that the remedy for such an injury would be by an attempt to enforce a penal section of the act of 1836, the operation of which, by the terms of the act itself, seems to us to have been intended to be limited and confined to acts done in a township. Had the legislature intended such section to be applicable to acts done on or alongside of the streets of a borough in proximity to a township road, it would have been easy to have indicated such an intention. We are of opinion, therefore, that the record of the magistrate discloses that he was without jurisdiction to proceed against the defendant for the act complained of.

It follows, therefore, that the motion to quash the writ of certiorari, which motion was made in the court below by the relator because the writ issued more than twenty days after the judgment by the magistrate, was rightfully dismissed, and this for the additional reason, if any be necessary, that the twenty-first section of the act of March 20, 1810, which provides that "no judgment shall be set aside in pursuance of a writ of certiorari unless the same be issued within twenty days after the judgment was rendered," applies only to civil actions: Caughey v. Pittsburg, 12 S. & R. 53.

But we are confronted with the further proposition first advanced by the learned counsel for the appellant in this court that the writ of certiorari should now be quashed by us because it could not have properly issued out of the court of common pleas without a previous allowance by said court. Therefore it is argued the writ was never properly lodged in the court below and could not become the foundation of a judgment by that court reversing the proceedings before the magistrate. It is true that in Commonwealth v. Antone, 22 Pa. Superior Ct. 412, which was a case of summary conviction, the court below of its own motion quashed a writ of certiorari which had issued without a previous order of allowance and we affirmed the judgment. The case before us is an action of assumpsit to recover a penalty. There is no provision in the act of assembly which would enable any tribunal to enforce the

payment of the fine imposed by the imprisonment of the debtor. Whilst, therefore, the proceeding is in some respects, as we have seen, criminal in its nature, in other respects it is akin to a civil action. It does not necessarily follow, therefore, that the same rule would prevail in such a case as in one of summary conviction. Assuming, however, that the rule should be the same, we do not think the appellant is in a position to raise that question here. Had a motion to quash on this ground been made in the court below, if it had been determined that a previous order of allowance was necessary, the court could then have quashed the writ with leave to the defendant to apply for another, and thus no injustice would have been done. By moving to quash on other grounds, the relator must have regarded the writ as having been properly issued, and the order of the court refusing to quash the writ may now fairly be considered as an order allowing the writ nunc pro tunc. Such orders have been so construed in much more important cases. For instance, where a district attorney had sent a bill before the grand jury without previous leave of the court, but where the court afterwards refused to quash the bill on that account, the Supreme Court said: "In the present instance the court of quarter sessions must be assumed to have approved the action of the district attorney:" Rowand v. Commonwealth, 82 Pa. 405.

Being of the opinion, therefore, for the reasons already stated, that the magistrate was entirely without jurisdiction and that the action of the court below in reversing the proceedings on the writ of certiorari was correct and proper, we are not willing now to say that the court below committed reversible error in not quashing the writ for a reason wholly outside those advanced by counsel making the motion. On the contrary, taking the record as a whole, we are inclined to hold that the action of the court below refusing to quash the writ amounted to an approval of it, or in other words an order of allowance nunc pro tunc. The assignments of error are all dismissed.

Judgment affirmed.