# Commonwealth, Appellant, *v.* Barbono.

*Criminal law—Registration of beer bottles—Refilling of bottles—Summary conviction—Act of June 15, 1911, P. L. 975—Constitutional law—Title of statute—Allocatur.*

1. If the Act of June 15, 1911, sec. 4, P. L. 975, is to be construed to mean that the mere having unlawful possession of registered beer bottles and boxes is itself an offense, for which the act imposes a penalty, then the act violates art. III, sec. 3, of the constitution in that the title of the act gives no notice of such possession being an offense.

2. The Act of June 15, 1911, P. L. 975, confers no express authority upon a justice of the peace to summarily sentence a defendant to im-

prisonment in jail, in default of payment of the penalty provided by the act, and, consequently, payment of the fine and costs, in order to obtain release from such imprisonment cannot be regarded as a voluntary act which precludes the defendant from having the lawfulness and regularity of his conviction reviewed by certiorari.

3. Where a certiorari has been taken without an allocatur, and there is no statutory obstacle in the way of taking out a new writ by leave of court, there is no abuse of discretion in the act of the court in allowing the writ already taken out to be filed nunc pro tunc.

Argued Nov. 19, 1913.    Appeal, No. 209, Oct. T., 1913, by plaintiff, from order of C. P. Del. Co., Dec. T., 1912, No. 19, quashing summary conviction in case of Commonwealth v. Serveria Barbono.    Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Certiorari from summary conviction.

The material portion of the justice's record was as follows:

After hearing the proofs and allegations, the defendant is found guilty as charged, with illegally having in his possession 172 registered beer bottles, and three beer boxes, and is sentenced to pay a fine of $87.50 and costs of suit, or in default of the payment of the aforesaid fine and costs, to be committed to the Delaware county jail until such time as he be released by due course of law.    And now, December 19, 1912, the defendant having failed, refused or neglected to pay the aforesaid fine and costs, he is therefore committed to the Delaware County jail until such time as he is released by due course of law, and now, December 20, 1912, the fine and costs of the defendant are paid into this office, the defendant is discharged from jail, and the case is settled and dismissed.

The certiorari was issued at the instance of the defendant on January 8, 1913, but without an allocatur. On January 24, 1913, plaintiff moved to quash the certiorari, and upon application of the defendant an

allocatur was allowed nunc pro tunc.    The defendant claimed restitution.

The court sustained the exceptions to the certiorari and quashed the whole proceedings with costs to the defendant.

*Errors assigned* among others were (1) in allowing an allocatur nunc pro tunc and (4) in quashing the proceedings before the justice.

*Albert Dutton MacDade,* for appellant.—The proceeding under consideration is of a criminal nature and an allocatur is necessary: Com. v. Mitcheel, 12 Del. County, 345; Com. v. Peaco, 19 Pa. Dist. Rep. 880; Com. v. Antone, 22 Pa. Superior Ct. 412.

No certiorari should be issued' in a criminal or quasi-criminal proceeding without the allowance of a special allocatur: Com. v. Betts, 76 Pa. 465; Mahanoy Boro. v. Wadlinger, 142 Pa. 308; Colwyn v. Tarbottom, 1 Pa. Superior Ct. 179; Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Shields, 50 Pa. Superior Ct. 194; Com. v. Burford, 38 Pa. Superior Ct. 201, s. c., 225 Pa. 93; Gorman v. Stewart, 21 Pa. Dist. Rep. 1138; Com. v. Antone, 22 Pa. Superior Ct. 412; Com. v. Mattern, 24 Pa. C. C. Rep. 655.

If the defendant voluntarily pays fine and costs, the case is ended, and the common pleas cannot acquire jurisdiction on certiorari: Com. v. Yocum, 37 Pa. Superior Ct. 237; Com. v. Gipner, 118 Pa. 379; Phila. v. Moore, 8 Phila. 238; Com. v. Davenger, 10 Phila. 478.

The act of 1911 is constitutional: Com. v. Farley, 6 Pa. C. C. Rep. 433; Com. v. Jones, 4 Pa. Superior Ct. 362; Pittsburg v. Daly, 5 Pa. Superior Ct. 528; Com. v. Charity Hospital, 198 Pa. 270; Com. v. Muir, 180 Pa. 47; Baker v. Warren County, 11 Pa. Superior Ct. 170; Read v. Clearfield County, 12 Pa. Superior Ct. 419; Com. v. Beatty, 15 Pa. Superior Ct. 5; Com. v. Hanley, 15 Pa. Superior Ct. 271.

*John M. Broomall,* for appellees.—The act violates art. III, sec. 3 of the constitution of Pennsylvania in that the title gives no notice as provided in sec. 4 of the act that "used, retained or destroyed" is forbidden—the title simply reading "forbidding the refilling of, or dealing or trafficking in." After judgment has been fully .executed on a summary conviction, an appeal will not lie, restitution can be had only by certiorari: Com. v. Scott, 28 Pittsburgh L. J. 446; Com. v. Horn, 12 Pa. C. C. Rep. 284; Leffingwell v. Wilkes-Barre, 4 Kulp, 494.

The court below not only had authority to set aside these judgments but also to order restitution as the record shows that the fines and costs were involuntarily paid: Com. v. Gipner, 118 Pa. 379; Com. v. Shofnoski, 5 Pa. Dist. Rep. 784; Hazleton v. Birdie, 10 Kulp, 98.

Opinion by Rice, P. J., April 20, 1914:

This case originated before a justice of the peace and was brought into the common pleas by certiorari. It resulted in· a judgment quashing the finding and sentence of the justice, on the ground that all of the proceedings before him were without warrant of law, from which judgment the commonwealth took the present appeal.

It appears by the justice's record that the defendant was charged with having had in his possession, concealed,· a number of beer bottles and beer boxes, "that had been duly registered according to law, which he had refilled and was using for his own benefit" contrary to sec. 4 of the Act of June 15, 1911, P. L. 975. After hearing, he was "found guilty as. charged with illegally having in his possession 172 registered beer bottles and 3 beer. boxes," and was sentenced to pay a fine of $87.50 and ·costs of suit, or, in default of payment, to be committed to jail until such time as he should be released by due course of law. The record also shows that having failed to pay the fine and costs, he was committed to jail, and on the following day they

were paid to the justice, whereupon, (so reads the record) "the defendant is discharged from jail and the case is settled and dismissed."

. If the appellant's contention that the case belongs to the class in which the court's allowance of a certiorari is necessary be conceded, it must also be conceded under the same course of reasoning, that at the time the court overruled the commonwealth's motion to quash, and allowed the certiorari nunc pro tunc, there was no statutory obstacle in the way of taking out a new writ by leave of court: Caughey v. Pittsburg, 12 S. & R. 53; Commonwealth v. Butler (No. 1), 39 Pa. Superior Ct. 125. Every conceivable purpose for requiring such allowance was attained, the commonwealth's interests were not prejudiced and delay and expense were avoided by the nunc pro tunc order; therefore the court committed no technical error or abuse of discretion in making it: Commonwealth v. Butler, supra.

The act of 1911 provides that the fine or penalty shall "be recovered, as debts are by law recovered, in an action to be instituted in the name of the commonwealth." It confers no express authority upon the justice to summarily sentence the defendant to imprisonment in jail, in default of payment, and, therefore, payment of the fine and costs, in order to obtain release from such imprisonment, cannot be regarded as a voluntary act which precludes him from having the lawfulness and regularity of his conviction reviewed by certiorari. Such a case is plainly distinguishable from Commonwealth v. Gipner, 118 Pa. 379, and Commonwealth v. Yocum, 37 Pa. Superior Ct. 237.

"It is still essential that a summary conviction shall contain a finding that a special act has been performed by the defendant; and that it shall describe or define it, in such a way, as to individuate it, and show that it falls within an unlawful class of acts. Without this, a judgment that the law has been violated, goes for nothing. Now this is not merely a formal or technical

rule of summary conviction, but a most essential and substantial one:" Commonwealth v. Nesbit, 34 Pa. 398; Reid v. Wood, 102 Pa. 312; Commonwealth v. Divoskein, 49 Pa. Superior Ct. 614, at page 619, and cases there cited. While the record of the justice states that the defendant was found guilty as charged, yet the immediate context individuates the part of the charge' of which he was found guilty, as "illegally having in his possession 172 registered beer bottles," etc., and it cannot be implied with certainty that he was found guilty of any other charge. Was this a penal offense?

Section 2 of the act of 1911 declares it to be unlawful for any person "to fill" with certain enumerated liquids "any bottle, box . . . . or other containers" marked and registered as provided in the first section; "or to sell, buy, give, take, or retain or destroy, or otherwise dispose of or traffic in the same; without the written consent of the owner or owners thereof being first obtained." It will be observed that the mere having possession of the bottles by one not the owner is not specifically prohibited by this section. It is true the words of sec. 4 "are being unlawfully used, filled or trafficked in, retained or destroyed or possessed," would seem at first glance to mean that the having unlawful possession is itself an offense, although a plausible argument may be made that the provision as to unlawful possession has reference particularly to the conditions under which a search warrant may issue.

But assuming, a point not decided, that the body of the act must be construed to mean that the having unlawful possession of registered bottles and. boxes is itself an offense, for which the act imposes a penalty, the conclusion is unavoidable that to that extent the act is in contravention of art. III, sec. 3 of the constitution. So far as material here the title of the act reads: "Providing for the registration of bottles, boxes, . . . . or other containers; and forbidding the refilling of, or dealing or trafficking in, such registered

bottles, boxes, . . . . or other containers, by persons other than the owners thereof, without the written consent of the owner, and imposing a penalty therefor," etc.   No one reading that title would be put on inquiry into the body of the act to ascertain whether the mere having the bottles in unlawful possession was made a penal offense.   On the contrary, the express enumeration and designation in the title of the forbidden acts for which a penalty was imposed, was well calculated to avert inquiry into the body of the bill to ascertain whether other penal offenses were created.   While the title of an act need not be a complete index to its contents, a misleading title is neither in letter nor in spirit a compliance with the constitutional mandate that the subject of the bill must be clearly expressed in the title.   Such misleading titles have always been condemned in all the decisions from Dorsey's Appeal, 72 Pa. 192, down to Provident Life and Trust Co. v. Hammond, 230 Pa. 407, and many acts or parts of acts have been declared unconstitutional for that cause.

· In either view of the act of 1911 that has been above suggested, the court was right in concluding that the conviction of the defendant was without warrant of law.

The assignments of error are overruled and the judgment is affirmed.