## Frye v. Lanning.

*Justice of the peace — Jurisdiction — Damages to automobile — Acts of March 22, 1814, and July 7, 1879.*

1. Under the Acts of March 22, 1814, 6 Sm. Laws, 182, and July 7, 1879, P. L. 194, a justice of the peace has jurisdiction of a case in which a plaintiff claims damages to his automobile as a result of the defendant's running into him with another automobile.

*Constitutional law — Amendment of act — Damages to automobile — Receipted bill—Defective title—Act of June 14, 1923.*

2. The Act of June 14, 1923, P. L. 718, which purported to amend section 36 of the Act of June 30, 1919, P. L. 678, by requiring a receipted bill for repairs to be produced in an action before a justice of the peace for damages to an automobile, is unconstitutional because the attempted amendment is not covered by the title of the amending act.

*Certiorari.* C. P. Washington Co., Aug. T., 1927, No. 58.

*R. W. Knox,* for plaintiff; *J. R. McCreight,* for defendant.

BROWNSON, P. J., Oct. 17, 1927.—The plaintiff brought this action before a justice of the peace to recover for damages to his motor-vehicle, alleging that the defendant "did . . . drive a motor-vehicle . . . on the public highway . . . and in passing the motor-vehicle of [plaintiff] did strike, wreck and cause damages to the amount of $47.35." The action appearing to be one for an injury directly inflicted upon plaintiff's property by the force of an act done by the defendant herself, the justice would have jurisdiction of it under the Acts of March 22, 1814, § 1, 6 Sm. Laws, 182, and July 7, 1879, § 1, P. L. 194: Sprout *v.* Kirk, 80 Pa. Superior Ct. 514; Carlson *v.* Johnson, 2 D. & C. 109, and cases therein cited.

The plaintiff having recovered a judgment for $47.35, the defendant sued out a *certiorari,* and she has excepted to the record on the ground "that said justice was without jurisdiction, for the reason that plaintiff did not comply with the requirements of the 36th section of the Act of [June 30, 1919, P. L. 678, as amended by the Act of] June 14, 1923, P. L. 718," the transcript of the record not showing that a receipted bill, sworn to by the person who repaired plaintiff's car, or his agent, was produced and offered in evidence.

Section 36, as originally enacted, merely gave to a person sustaining damages from the use and operation of a motor-vehicle the discretionary right to bring his suit in the county where the injury was sustained and to have the process served in another county. The Act of 1923 purports to amend this section so as to make it provide that such actions may be brought before any alderman, magistrate or justice of the county where the damages were sustained "if the plaintiff has had said damages repaired, and shall produce a receipted bill for the same property, sworn to by the party making such repairs or his agent," or may be brought in the Court of Common Pleas of said county, and that in either case service of process may be made in another

county; the jurisdiction of alderman, etc., being limited in actions so brought to cases involving not more than $100.

Without going into the question whether this amendment was intended to embrace a case like the present, wherein the summons was against a resident of, and was served within, the county in which the justice of the peace has his office (see Sharp *v.* Boyer, 6 D. & C. 597), or the question whether, if so, it would offend against section 7, article III of the Constitution by making the kind of proof that must be produced depend upon the tribunal before which the action is brought, it is sufficient to say that the attempted amendment of section 36 is wholly inoperative, because not covered by the title of the amending act. That title gives a minute and specific list of the particular matters concerning which it is proposed to amend the Act of 1919, and this matter of suits for damages arising from the use and operation of motor-vehicles is not one of those so specified. The specifications of certain particulars as the subject-matters of the intended amendments was in effect a declaration to legislators and others interested that the body of the bill contained no amendment of the Act of 1919 in any other particular, and thus this was a misleading title: See cases cited in Com. *v.* Argüello, 7 Wash. Co. Repr. 17, and, also, the cases of Com. *v.* Barbono, 56 Pa. Superior Ct. 637, 642-3, and Parson *v.* Downer, 7 Wash. Co. Repr. 28, 9 D. & C. 246. The fact that the very specific statement as to just what the amendments were to consist of qualified and limited the effect of the preceding recital of the title of the Act of 1919 was overlooked in the case of Campbell *v.* Krautheim, 4 D. & C. 577.

And now, Oct. 17, 1927, the judgment is affirmed.

From Harry D. Hamilton, Washington, Pa.