## Commonwealth v. Ward

A. Kirk Wrenshall, for defendant.

GIBSON, J., February 3, 1934.—This case originated before an alderman on an information charging violation of the provisions of the Act of June 15, 1911, P. L. 975. Upon this information being made, a search warrant was issued, the defendant was brought before the alderman and entered a plea of not guilty, and a hearing was held. Following this, on a special allowance, a certiorari was issued, and the proceeding is brought before the court for review.

To the search warrant issued, there does not appear to be any return by the constable. However, the record of the alderman sets forth that the constable

"proceeded and searched the said wagons, automobiles . . . of this defendant, upon which search the following registered milk bottles were found in said wagons. . . ." Following this is a list of the number and alleged owners of the milk bottles. In the same record, the finding of the alderman following the hearing is as follows: "After hearing the evidence, the defendant was found having the said above-mentioned registered milk bottles in his wagons, automobiles, carts, stable, or premises, when he, the said defendant, was not the owner thereof, and without the written consent of the owners thereof, contrary to the Act of Assembly approved June 15, 1911." Immediately following this, judgment is given in favor of the Commonwealth and against the defendant for 50 cents for each of 40 bottles "found", or a total of $20, together with costs of the case.

Under the Act of 1911, this proceeding properly comes before the alderman and is dealt with by him as a summary conviction. In such cases, it is important that, from the evidence submitted, the magistrate find and definitely state the facts which he finds, describing or defining the offense which has been committed.

It is essential that a summary conviction should contain a finding that a specific act has been performed by the defendant and that it describe that act or define it in such a way as to individuate it and show that it falls within an unlawful class of acts. This requirement is not merely formal or technical but a most substantial one, to the purpose that the specific act done can be ascertained and thus the judgment of the magistrate can be tested in a higher court: Commonwealth v. Nesbit, 34 Pa. 398; Reid v. Wood, 102 Pa. 312.

Having this requirement in view and also the very material part of the alderman's record, which is his finding of facts, let us examine that finding and ascertain what offense the defendant has committed. The only offense set forth is "the defendant was found having the said above mentioned registered bottles in his wagons . . . when he was not the owner thereof and without the written consent of the owner thereof, contrary to the act", etc. The only question we are required to determine is whether or not this was contrary to law.

We have not been referred to any act of assembly which prohibits any such act, except the Act of June 15, 1911, P. L. 975. That act has been considered in Commonwealth v. Barbono, 56 Pa. Superior Ct. 637. In reviewing the record of a summary conviction under this act, the Superior Court says (p. 642): "It will be observed that the mere having possession of the bottles by one not the owner is not specifically prohibited by this section. It is true the words of sec. 4 'are being unlawfully used, filled or trafficked in, retained or destroyed or possessed,' would seem at first glance to mean that the having unlawful possession is itself an offense, although a plausible argument may be made that the provision as to unlawful possession has reference particularly to the conditions under which a search warrant may issue."

The Superior Court continues: "But assuming, a point not decided, that the body of the act must be construed to mean that the having unlawful possession of registered bottles and boxes is itself an offense, for which the act imposes a penalty, the conclusion is unavoidable that to that extent the act is in contravention of art. III, sec. 3 of the constitution."

An examination of the title of this act shows that the title specifies as forbidden acts only the refilling of, or dealing or trafficking in, of certain containers, including bottles, etc.

In view of the findings of the alderman and the decision of the Superior Court above referred to, we are required to find that the conviction of the

defendant was without warrant of law for the reason that he was not found guilty of committing any act which was prohibited by a valid act of assembly.

Since the judgment of the alderman must be reversed for the reasons above given, it is unnecessary to consider the other exceptions.

And now, February 3, 1934, the judgment of the alderman is reversed, and the conviction thereon and sentence are hereby set aside.

From Harry D. Hamilton, Washington, Pa.