## Commonwealth v. Bader

*J. Glenn Benedict*, district attorney, for Commonwealth.

*George S. Black*, for defendant.

DAVISON, P. J., February 7, 1938.—This being a writ of certiorari issued out of this court, the only thing before us is error on the part of the justice of the peace as shown by the record of his proceedings in the said matter, and we can, therefore, consider only what that record shows. Other matters which might be pertinent under different proceedings, such as appeal, are not before us now and have no bearing on the case. Our decision must rest on the record returned by virtue of the writ of certiorari and on that alone and we cannot consider anything dehors that record.

In the oral argument before us incidents pertaining to the actions of defendant after his arrest and in connection with his posting of bail before a magistrate in Gettysburg were referred to by the district attorney, but these are not of record and are not before us. Also, both in the exceptions filed to the record of the justice of the peace, and in briefs of the counsel for defendant and of counsel for the Commonwealth, and in the oral argument, both sides argued as to an arrest on view and the power in certain officers to make such arrest and for what offenses, and yet when we come to examine the record we find nothing whatever referring to such arrest by any one. On the other hand, what the record does show is an information by Paul H. Winger; a warrant issued to C. B. Rotz, a constable, for the arrest of the defendant; the apprehension of him at Gettysburg and his posting of bond there. Where is there in this record any suggestion of an arrest on view? It only shows a warrant issued and an apprehension of defendant in Gettysburg. This would be strong indication of his arrest by virtue of that warrant, but nothing to show in any way an arrest on view.

Taking up the questions properly before us, we have no doubt as to the writ of certiorari being the proper procedure in this case and we will proceed to examine the record on that writ.

The question as to whether the writ was issued in time may not be properly before us as we have no motion to quash the writ for that reason, but we will decide that question as it has been argued before us and as the records of the court show that it was issued more than 20 days after the last action of the justice of the peace in the said matter, his last entry being made on August 2, 1937, and the writ being allowed on October 11, 1937.

The Act of March 20, 1810, P. L. 208, sec. 21, provides as follows:

"That no judge of any court within this commonwealth, shall allow any writ of certiorari to remove the proceeding had in any trial before a justice of the peace, until the party applying for such writ shall declare on oath or affirmation before such judge, that it is not for the purpose of delay, but that in the opinion of the party applying for the same, the cause of action was not cognizable before a justice, or that the proceedings proposed to be removed are, to the best of his knowledge, unjust and illegal, and if not removed, will oblige the said applicant to pay more money, or to receive less from his opponent, than is justly due; a copy of which affidavit shall be filed in the prothonotary's office: *Provided,* That no judgment shall be set aside in pursuance of a writ of certiorari, unless the same is issued within twenty days after judgment was rendered, and served within five days thereafter; and no execution shall be set aside in pursuance of the writ aforesaid, unless the said writ is issued and served within twenty days after the execution issued."

This act has been construed in a number of cases to apply to civil actions alone, and not to penal offenses, summary convictions, or actions to recover penalties. Thus in Commonwealth v. Knezovich, 6 Wash. Co. 107, Judge Brownson says:

"The certiorari issued more than twenty days after the judgment, but as the provision in sec. 21 of the Act

of March 20, 1810, 5 Sm. L. 161, whereby a twenty-day limitation is prescribed, applies only to the civil cases jurisdiction of which is by that act conferred upon justices of the peace, and not to a summary conviction of a penal offense, this case may be reviewed upon the writ that is before us".

In Caughey v. Mayor, etc., of Pittsburgh, 12 S. & R. 53, we find this rule laid down and it has been followed consistently ever since. There the court said:

"The *certiorari* was quashed by the Court of Common Pleas, because it was not issued within twenty days after judgment rendered. It is true, that it is provided by the 21st section of the act of the 20th of *March*, 1810 . . . 'that no judgment shall be set aside, in pursuance of a writ of *certiorari*, unless the same is issued within twenty days after judgment was rendered;' but that proviso is to be understood, as extending only to civil actions, because in those only is jurisdiction given to justices of the peace by the precedent parts of the act, and to them only does the proviso relate."

In Commonwealth v. Gosnell, 26 Del. Co. 416, in an elaborate opinion by Judge MacDade, the same rule is adhered to and certiorari allowed after 20 days. See also Commonwealth, ex rel., v. Butler (No. 1), 39 Pa. Superior Ct. 125, 132, and Commonwealth v. Barbono, 56 Pa. Superior Ct. 637, 641.

In Commonwealth, ex rel., v. Betts, 76 Pa. 465, 471, it is said:

"We are therefore of opinion that an action such as this, in the name of the Commonwealth, to recover a penalty for a statutory offence, is not a civil action, such as is meant in the 22d and 24th sections of the Act of 1810. It may be so in form, but in its true nature and effect, it is a proceeding for a criminal offence".

We do not understand by these interpretations of the Act of 1810 that a defendant can wait for an unconscionable time and yet be entitled to his writ of certi-

orari whenever he pleases to take it. Certainly laches may be charged to him in this proceeding as well as in any other, and if the court finds him guilty of laches he would by that be deprived of his right to such a writ, not by reason of the Act of 1810 or any other act of assembly, but by application of the general rules applicable to laches. In the instant case we do not find that the time which elapsed from the final action of the justice of the peace until the writ was secured was such as to charge defendant with laches and we will hold the writ issued in proper time.

Section 1202 of the Act of June 22, 1931, P. L. 751, which amends The Vehicle Code of May 1, 1929, P. L. 905, reads as follows:

"(a) Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice.

"1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed."

It is alleged that the record in this case does not show compliance with this clause. This cannot be denied. It requires that within seven days after the information has been lodged the magistrate shall send by registered mail to the person charged, *at the address shown by the records of the department* (Department of Revenue of the Commonwealth of Pennsylvania), a notice in writing of the

filing of the information, a copy thereof, and a notice to appear within 10 days; and, then, if the person so named in the information does not appear within said 10 days a warrant shall then issue. The record in this case shows that this was not done but the whole proceedings were completed in one day, August 2, 1937, the offense committed, information made, warrant issued, bond for hearing given, hearing held and bond forfeited. Is this fatal to the proceedings under the circumstances? We do not think it is. This defendant was a nonresident of Pennsylvania, he being a resident of Baltimore, Maryland, as shown by the record of the magistrate, and, as a consequence, he had no address shown by the records of the said department, such record only being of those securing licenses from that department. This being so, how can this section of the act apply to those outside the State. The magistrate is to send the required papers to that address, but if there is no such address what is he to do? If this section is to be held to apply to all offenders, then those residing without the limits of the State can proceed with impunity, for the justice of the peace has no address as provided for in the act to notify them, and, hence, cannot proceed against them, but on the other hand the resident of the State is within reach because of his address in the department and can be properly held responsible for his infraction of the law.

We do not believe this is what the legislature intended or what the act provides for. When it says the notice is to be sent to defendant at the address shown by the records of the department it certainly means it is to be sent to those who have such an address and that the proceedings so prescribed do not apply to others whose address is not with the department. This being so, and the proceedings so prescribed by that act not applying to this defendant, the manner of proceeding against him is the usual proceeding before a justice of the peace and we cannot sustain the exceptions to the record because of this.

Judge MacDade in Commonwealth v. Gosnell, supra, takes a different view as to the procedure where a nonresident is involved, but he did not consider it from the standpoint we have nor can we follow his conclusion, however great is our respect for his ability.

The fifth exception to the record must be sustained. The said Act of 1931, sec. 1202(a) 1, provides:

"If the person charged cannot be served within such county [the county in which the violation occurred], then the magistrate shall deputize a peace officer, having authority to serve warrants in the county wherein the person charged resides, or may be found, to serve such warrant."

This was not done in this case. The warrant was issued to C. B. Rotz, a constable of this county, who proceeded to Gettysburg to apprehend defendant and no one of Adams County was deputized. Whatever may be the power of constables to arrest in other counties for different offenses, the right is restricted by this act and only peace officers of the county in which the warrant is served can do so, and then only when duly deputized by the magistrate issuing the warrant. This not having been done in this case and the record failing to show the doing of an act necessary to the jurisdiction of the justice, the record is deficient and cannot be sustained. While the proceedings before the issuing of the warrant are different as applicable to residents and nonresidents, yet when the warrant is issued against either then it must be served as directed in that act to give the justice of the peace jurisdiction.

It was argued to us by the district attorney that defendant by his action in giving bond for a hearing had so proceeded as to waive his rights in the questions raised by the exceptions filed. We cannot so hold. This is a proceeding by certiorari and any questions going to the jurisdiction of the justice of the peace as shown by the records must be considered by us. In Commonwealth v. Killian, 44 Lanc. L. R. 523, defendant waived a sum-

mary hearing and gave bond to appear in court, and there it was held that this did not waive his right to question the correctness of the proceedings.

As we will sustain said fifth exception and reverse the judgment of said justice of the peace, it is not necessary for us to pass upon the other exceptions filed and not referred to herein.

Now, February 7, 1938, the fifth exception filed to the record in the above-entitled case is sustained, the judgment of W. R. Kieffer, justice of the peace, is reversed and defendant, August F. Bader, is discharged from his recognizance.