## Commonwealth v. Sebolka

*Leo W. White*, for Commonwealth.
*Ben R. Jones, Jr.*, for defendant.

APONICK, J., October 17, 1938.—Defendant, A. A. Sebolka, was summarily convicted before a justice of the peace for violation of the Act of June 15, 1911, P. L. 975, and fined $100 and costs as allowed by the amendatory Act of May 19, 1931, P. L. 132. He appealed to this court

upon a special allowance, the petition for which raises no question of irregularity or lack of evidence but presents a single question of law in the following language:

"3. That the said conviction was unwarranted, improper, and unlawful because the evidence adduced before the magistrate showed mere possession of bottles containing milk, which is not in violation of the Act of June 15, 1911, P. L. 975, and the Act of June 15, 1911, P. L. 975, does not make mere possession of such bottles a criminal offense: that the Act of June 15, 1911, P. L. 975, if it applies to the possession of bottles containing milk, which bottles belong to other than the defendant, is unconstitutional."

At the hearing of the appeal before this court it was stipulated that the case should be submitted to the court on the testimony taken before the justice of the peace, which, as shown by his transcript, established the following facts:

"That on July 9, 1938, defendant, who is engaged in bottling and selling milk and cream in bottles and other containers at Fern Brook, Luzerne Co., Pa., was found in possession of 110 bottles the property of Woodlawn Farm Dairy Co., Grablick's Dairy and others and duly registered according to law, *which defendant had filled* without the written consent of the owners thereof being first obtained; also 10 cases; that this was the fifth violation of said act by defendant, he having been convicted for similar offenses committed on March 14, 1934, October 5, 1935, February 25, 1937, and July 7, 1937."

Defendant's counsel rests his contention upon the opinion of the Superior Court in the case of Commonwealth v. Barbono, 56 Pa. Superior Ct. 637, which affirmed the judgment of the court below, upon a certiorari from a summary conviction, in sustaining the exceptions to the certiorari and quashing the proceedings. All that the court decided in that case was that the justice's record, which showed that after hearing defendant "was found guilty as charged with illegally having in his possession

172 registered beer bottles and 3 beer boxes", did not disclose an offense cognizable under the Act of 1911, supra, and that if the body of that act must be construed to mean that having unlawful possession of registered bottles and boxes is itself an offense, for which the act imposes a penalty, to that extent the act is in contravention of article III, sec. 3, of the Constitution of Pennsylvania, in that the title of the act gives no notice of such possession being an offense. However, the court said (p. 642) :

"Section 2 of the act of 1911 declares it to be unlawful for any person 'to fill' with certain enumerated liquids 'any bottle, box . . . or other containers' marked and registered as provided in the first section; 'or to sell, buy, give, take, or retain or destroy, or otherwise dispose of or traffic in the same; without the written consent of the owner or owners thereof being first obtained.' "

In the instant case, defendant was charged with and convicted of *filling* 110 registered bottles found in his possession, and such offense is not only specifically covered by section 2 of the act but is referred to in the title of the Act of 1911 as follows:

"An act providing for the registration of bottles, boxes . . . or other containers; *and forbidding the refilling* of . . . such registered bottles, boxes . . . or other containers, by persons other than the owners thereof, without the written consent of the owner, and imposing a penalty therefor".

That the offense for which this defendant was convicted is cognizable under the aforesaid Act of 1911 has already been decided by this court in an opinion written by the late Judge Fuller (1923) in the case of Commonwealth ex rel. v. Williams et al., 22 Luz. Leg. Reg. 407, which opinion took into consideration the case of Commonwealth v. Barbono, supra.

Now, October 17, 1938, the court finds defendant guilty and the sentence of the court is that he pay the fine of $100 and costs within 10 days from notice of this decision.