## McGinnis *versus* Vernon.

67 149
h 22 SC 7413

1. The judgment of a justice under the Act of December 1863 (Landlord and Tenant), rests on an inquest of facts to be found by him and set forth on his docket or by reference therein to the complaint, in order to sustain a judgment for the landlord.

2. The demise, the term and that it is ended, and notice of the landlord's desire of repossession must appear by the record.

3. Although these may be found by reference to the complaint, it is better to set out the facts on the record.

4. The summons should always contain a brief statement of the grounds of its issuance.

5. Special jurisdictions must contain on their face everything necessary to show that they are not transcended.

6. Art. 5, ? 8 of the Constitution does not require the judges of the Common Pleas to allow a certiorari to a justice.

7. The Act of April 26th 1855, dispensing with the allowance of a certiorari is constitutional.

November 19th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fayette county :* No. 206 to October and November Term 1870.

The proceedings in this case commenced before John Holmes, Esq., a justice of the peace, by Johnson McGinnis against Andrew J. Vernon. They were designed to be under the Landlord and Tenant Act of December 14th 1863, to recover possession of leased premises. The justice having given judgment for the plaintiff, the proceedings were removed by certiorari into the Court of Common Pleas, at the instance of the defendant. The writ of certiorari was issued April 16th 1870. The record as returned was as follows :—

Summons: "The Commonwealth of Pennsylvania to the constable of Brownsville township, greeting: We command you to summon Andrew J. Vernon to appear before John Holmes, Esq., one of the justices of the peace of said county, on the 12th day of April 1870, between the hours of 1 and 2 o'clock P. M., to answer Johnson McGinniss upon a claim for possession of a certain house which said Vernon occupies in Luzerne township, and have you then and there this precept."

Justice's docket entries :—

"Johnson McGinniss ⎞ Summons upon a claim for possession of a
  *versus*   ⎟ certain house which said Vernon occupies
Andrew J. Vernon. ⎠ in Luzerne township. Issued April 5th 1870, to appear between 1 and 2 o'clock P. M., April 12th 1870. Summons returned, served the 5th day of April 1870, on oath. And now, to wit, April 12th 1870, parties appear. The defendant appears by his counsel and objects to the justice trying the case, for the reason that the title to the land and tenement in

[McGinnis *v.* Vernon.]

question is disputed and will be involved in the trial of the case, on oath in due form of law; and he further saith that McGinniss was not quietly and peaceably possessed of said premises or any part thereof. Objection of defendant not sustained, and a hearing proceeded with. Held under consideration until Saturday next. And now, to wit, April 16th 1870, the justice finds the above complaint in all respects just and true, and enters judgment against the defendant that he shall forthwith deliver up possession of the said premises to the plaintiff. Same day, writ of possession issued to Constable Lynch of Brownsville. Writ returned executed, possession given to plaintiff, and constable retains his costs and paid justice his costs."

Writ of possession : " The Commonwealth of Pennsylvania, to the constable of Brownsville borough township, greeting: Whereas, such proceedings were had before the undersigned, a justice of the peace in and for said county, that on the 16th day of April, A. D. 1870, it appeared to the said justice that Johnson McGinniss had demised to a certain John D. Walters, from the 8th day of July 1869 until the 1st day of April 1870, a certain messuage and tract of land, situated in Luzerne township, in said county, adjoining, &c., of which the said Johnson McGinniss was quietly and peaceably possessed, and that the said John D. Walters had entered into the possession thereof by virtue of said demise, and that during the continuance of said lease, and by the permission of the said John D. Walters, a certain A. J. Vernon entered into possession and became a tenant of the said demised premises. That the said term being ended, after demand by the said Johnson McGinniss to the said John D. Walters to remove from the said premises, three months before the application in this behalf to the said justice, the said John D. Walters had refused, and the said A. J. Vernon, the tenant holding under said Walters, still refuses to comply with said request, and the said justice did enter judgment against the said A. J. Vernon for the sum of       . damages for the unjust detention of said premises, together with $4.40 costs, &c. * * * These are to command you forthwith to deliver possession to said Johnson McGinniss," &c.

The certiorari to the justice was not allowed by a judge of the Court of Common Pleas.

In the Court of Common Pleas the defendant filed these exceptions :—

The proceedings are irregular and defective in being commenced by summons instead of information or complaint verified by oath or affirmation averring the following alleged facts :—

1. That the said McGinniss was "quietly and peaceably possessed of the premises in dispute."

2. That being thus possessed, he leased the said premises to the said Vernon for a fixed and definite term, and that said Ver-

[McGinnis v. Vernon.]

non entered into possession as his tenant under said lease and held the same during said term, and the period for which the premises had been leased has fully ended, and the lessee refuses to surrender the demised premises to the lessor.

3. The property is not sufficiently described by the justice's record.

4. The justice of the peace had no jurisdiction of the case, as established by the evidence.

5. The justice erred in issuing a writ of possession to McGinness after the writ of certiorari had been issued and served upon him. Which said writ of certiorari, was a supersedeas of all further proceedings by the said justice.

The court (Gilmore, P. J.) delivered the following opinion:—

"The 1st exception is not sustained. The proceedings were properly commenced by summons as authorized by the act; no oath or affidavit was required as a foundation for the summons. It is true, the summons is defective in not setting forth the subject of the complaint. It is more in the nature of a summons or writ in ejectment than a complaint to obtain possession by a landlord against a tenant upon an expired lease.

"We fully sustain the 2d exception, and this we do without exacting 'unattainable precision from the magistrate.' But we must have some substance, and upon this record there is neither form or substance. It is only by reference to other matters, and that subsequent to the making of the record, that we know it is a proceeding by landlord against tenant under the Act of 14th December 1863. No lease is stated, when it began or whether it ever ended. It did not appear that three months' notice of intention was given by the landlord to the tenant, or whether any notice whatsoever had been given. The whole record is bare of all substance, so much so as to render it about a nullity.

"The 4th and 5th exceptions are not sustained.

"And now, July 12th 1870, these proceedings are reversed and wholly set aside at the costs of the defendant."

On the 27th of September 1870, the plaintiff moved to quash the certiorari, because it was not allowed by one of the judges of the Court of Common Pleas.

The motion was overruled.

The plaintiff removed the case to the Supreme Court, and there assigned for error—reversing the justice's proceedings, and refusing to quash the certiorari.

D. Kaine (with whom was W. H. Playford), for plaintiff in error.—The Act of 1863, unlike the Act of 1772, does not require justices to make a record of their findings. Strict precision is not required of justices of the peace: Snyder v. Carfrey, 4 P. F. Smith 93; Harris v. Levin, 1 Id. 412. A special allocatur

[McGinnis v. Vernon.]

is necessary to a certiorari to a justice: Benner *v.* Ducoing, 1 P.
A. Brown 217.

*E. Campbell* (with whom were *Roddy & Darly*), for defendant
in error.—The justice must set out facts sufficient to show his
jurisdiction: Rich *v.* Keyser, 4 P. F. Smith 87; Snyder *v.* Car-
frey, Id. 93.   Quashing the writ was in the discretion of the court
below, and cannot be reviewed: Renninger *v.* Thompson, 6 S. &
R. 1; Skidmore *v.* Bradford, 4 Barr 296.   The Constitution,
Art. 5, § 8, does not require the allowance of a judge to a cer-
tiorari.   The Act of April 26th 1855 dispenses with it: Common-
wealth *v.* Willow Grove Turnpike, 2 Binn. 263.

The opinion of the court was delivered, January 3d 1871, by
THOMPSON, C. J.—The judgment of a justice of the peace or
alderman in proceedings under the Landlord and Tenant Act of
1863 rests upon an inquest of facts to be found by him: Bedford
*v.* Kelly, 11 P. F. Smith 491; and these must be set forth on his
docket, or by a reference therein to the complaint, in order to
sustain the judgment if given for the landlord.   The demise, the
term, that it is fully ended, and that the required notice of the
landlord's desire to have and repossess the demised premises, must
appear by the record to be found by the magistrate: Givens *v.*
Miller, 12 P. F. Smith 133.   As already said, these may be found
by a reference by the magistrate to the complaint, if it be full
enough.   It would, however, be better to set out all these facts
on the record.   Here they do not appear as found anywhere,
either by the record of the judgment, or by reference to the com-
plaint preceding the summons; indeed, no complaint in writing
appears to have been filed as the ground for the summons; and
for this reason, or some other, the summons issued was almost in
the common form of justice's process.   This was wrong also.
The summons should always contain a brief statement of the
grounds of its issuance.   We might not be disposed to reverse
for the defective summons in this case, as there was an appear-
ance; but the record of the justice was entirely defective in not
setting out the inquest of facts already noticed as required by
the Act of Assembly.   Special jurisdictions must contain on their
face everything necessary to show that they are not transcended.
For these reasons, the judgment of the court below which reversed
the proceedings before the justice must be affirmed.

There is no constitutional requirement that the judges of the
Courts of Common Pleas must allow writs of certiorari to justices
of the peace.   Sect. 8 of Art. V. of the Constitution gives them
the power to do so, but the Act of 26th April 1855 dispenses
with the necessity for doing it, and this act operating as a remedy
merely, is beyond doubt constitutional.

Judgment affirmed.