## Commonwealth v. Walters.

*Criminal law—Tramping growing crops—Act of June 18, 1895—Justice of the peace—Ceritorari—Laches—Special allocatur.*

1. Where a person is convicted before a justice of the peace of tramping upon defendant's growing crops, in violation of the Act of June 18, 1895, P. L. 196, and, instead of paying the fine, enters into recognizance to appear at the next Court of Quarter Sessions, and six days after the conviction before the justice obtains a writ of *certiorari,* which was not allowed by special *allocatur,* the writ will be quashed because it was taken without proper allowance by *allocatur.*

2. Such a proceeding being penal for the violation of the statute, a special allowance for a writ of *certiorari* is essential.

3. The Commonwealth in such case cannot be charged with laches in not promptly moving to quash the writ, where it does not appear that, after defendant had entered his recognizance to appear in court, the Commonwealth had any notice of the *certiorari* proceedings.

*Certiorari* to justice of the peace. C. P. Schuylkill Co., Sept. T., 1921, No. 264.

*Otto E. Farquhar,* for plaintiff; *J. O. Ulrich,* for defendant.

KOCH, J., Dec. 5, 1921.—A perusal of all the papers of record in this case shows that the defendant was arrested on July 21, 1921, for a violation of the Act of June 18, 1895, P. L. 196; that the information upon which the warrant for the defendant's arrest was based charged the defendant with entering a field of Jacob L. Seitzinger, in the Borough of Tamaqua, and tramping on the growing crops therein, and that a hearing was had and the defendant was convicted of walking over the prosecutor's alfalfa and fined $5 by an alderman in the City of Pottsville on July 28, 1921. It further appears that the defendant refused to pay the fine and entered into a recognizance in the sum of $300, conditioned for his appearance at the next term of the Court of Quarter Sessions of the Peace in this county to answer said charge. The record also shows that the defendant, notwithstanding his immediate entry of bail to appear at the next Court of Quarter Sessions of the Peace, later, to wit, on Aug. 4, 1921, obtained the present writ of *certiorari.* The next Court of Quarter Sessions of the Peace did not begin until Sept. 12, 1921, but the return to the writ of *certiorari* was filed in the Court of Common Pleas on

1 D. & C.

Sept. 8, 1921. The exceptions in the *certiorari* proceedings were not filed by the defendant until Oct. 19, 1921, and on Oct. 24th plaintiff moved to quash the writ because it does not appear of record that a special *allocatur* had been obtained for the issuance of the writ. The defendant thereafter, to wit, Oct. 31st, moved to have the motion to quash dismissed and for an *allocatur nunc pro tunc*, and thereupon obtained a rule to show cause why the motion to quash should not be dismissed and an *allocatur nunc pro tunc* allowed. To the rule just referred to the Commonwealth made answer on Nov. 7th, when this case was called up for argument. The defendant's motion for an *allocatur nunc pro tunc* impliedly concedes that this action is criminal in its nature and that, therefore, a writ of *certiorari* is not a mere matter of course under the provisions of the Act of April 26, 1855, P. L. 304, which provides that: "No special allowance of a writ of *certiorari* to a justice of the peace or alderman shall be held requisite to the maintenance of such writ." The Act of 1855 has reference only to civil actions: Com. v. Antone, 22 Pa. Superior Ct. 412. Where an action is brought in the name of the Commonwealth to recover a penalty for a statutory offence, it is in its nature and effect a criminal action: Com. v. Betts, 76 Pa. 465. And when the nature of the action is penal for the violation of a statute, a special allowance for a writ of *certiorari* is essential: Com. v. Antone, 22 Pa. Superior Ct. 412; Com. v. Jacobs, 34 York Leg. Record, 141; Com. v. Mattern, 24 Pa. C. C. Reps. 655; Rubel v. Paint Borough, 14 Dist. R. 117.

The defendant argues that, as the Commonwealth did not promptly move to quash the writ, this delay should be taken as a waiver of its right so to do. "It would seem that practice would require an immediate motion to quash:" Bethlehem City v. Catalano, 30 Dist. R. 824. But here the defendant, by entering into a recognizance for that purpose, as is provided in the 2nd section of the Act of June 8, 1881, P. L. 82, at first attempted to carry this case into the Court of Quarter Sessions of the Peace, there "to answer said complaint on a charge of misdemeanor." If that proceeding was valid and regular, it seems to us that the defendant was hardly in a position to also move the case into the Court of Common Pleas. But if it was legally possible to move the case into two different courts at the same time, it could not be successfully contended that the Commonwealth had such notice of the second proceeding as to charge it with laches in not promptly moving to quash. After the defendant appealed the case to the Court of Quarter Sessions of the Peace, the plaintiff was not bound to keep track of the proceeding before the alderman in order to ascertain what other move the defendant might make. We think that, after the appeal was taken to the Court of Quarter Sessions of the Peace, the Commonwealth's next duty was to appear in that court for the disposal of that appeal. Had the defendant given the Commonwealth notice of his attempted *certiorari* proceeding, it would have been the Commonwealth's duty to promptly move to quash if it thought proper to do so. There is nothing before us to show that the Commonwealth had notice, or even a suspicion, of such a proceeding, and it is, therefore, not chargeable with laches. There is naught before us to show how long before its motion to quash was filed the Commonwealth had actual notice of the proceeding. In its answer to the rule the Commonwealth avers: "That the motion to quash the said writ was duly made, presented and filed before argument was made on said *certiorari*." As to when the plaintiff received notice of this proceeding is a matter of fact which should have been brought upon the record in accordance with the provisions of sub-division 4 of our 32nd rule of court. We are, therefore, in no position to act favorably upon defendant's motion

Commonwealth v. Walters.

and rule to dismiss and for a special *allocatur nunc pro tunc*. In view of what precedes, we make the following order:

Dec. 5, 1921, the defendant's motion and rule are discharged, and the plaintiff's motion to quash the proceedings is allowed and the writ of *certiorari* is quashed.

From M. M. Burke, Shenandoah, Pa.