## Commonwealth v. Mann.

*Certiorari—Appeals—Allowance by the court.*

1. A writ of *certiorari* from the Court of Common Pleas to a justice of the peace, issued more than five days after a conviction for a violation of the game laws, will be quashed because it issued out of the wrong court and was too late.

2. While the court has power to allow appeals *nunc pro tunc* in cases of summary conviction, yet where the only reason given for the relief asked for is that the court might come to a different conclusion upon the evidence presented before the justice of the peace, the same will be refused.

3. Section 1109 of "The Game Law," Act of May 24, 1923, P. L. 359, provides for the review of proceedings by the Court of Quarter Sessions, and its provisions must be strictly followed.

Rule to show cause why writ of *certiorari* should not be quashed and judgment affirmed. C. P. Northampton Co., June T., 1927, No. 11.

*Robert E. James,* for Commonwealth; *Howard M. Spengler,* for defendant.

STEWART, P. J., June 13, 1927.—This is a rule to show cause why a writ of *certiorari* should not be quashed. The grounds of the petition are that the defendant, on April 1, 1927, was convicted and sentenced to pay a fine; that the *certiorari* was not issued until April 13, 1927, and that it was then issued without allowance by the court. The proceedings were under section 717 of "The Game Law," Act of May 24, 1923, P. L. 359, title "Dogs pursuing small game or protected birds in close season." That act, by section 1109, provides for a review of proceedings by the Court of Quarter Sessions. The section reads: "Review of proceedings by Court of Quarter Sessions. Any person convicted of violating any of the provisions of this act may enter into good and sufficient recognizance to pay the fine imposed and costs within a period of ten days after the date of his conviction, or may *certiorari* or appeal the proceedings within five days after such conviction to the Court of Quarter Sessions of the county. Any prosecutor, dissatisfied with the finding of any magistrate, alderman or justice of the peace, may, in like manner, appeal to said court within said period. All such appeals shall be only on allowance of the Court of Quarter Sessions, or a judge thereof, on cause shown, and shall be determined by the Court of Quarter Sessions without a jury." It will thus be seen that the *certiorari* was from the wrong court, and that it did not issue within five days after conviction. This rule, therefore, will have to be made absolute. It, however, appears from the return of the justice to the *certiorari* that after the defendant was sentenced to pay a fine of $10 and costs of suit, that "Atty. Spengler asks for an appeal, which was forwarded on the 2nd day of April, 1927, by the Justice, J. K. Scheirer." That appeal was not filed until April 13, 1927, and it also was filed in the Court of Common Pleas. That

appeal was taken without the affidavit which should accompany all appeals and without any surety on the recognizance. (In the recognizance attached to the *certiorari*, defendant did give Francis E. Miller as surety.) The learned counsel for the defendant upon argument asked, however, that we should allow this appeal to be filed in the proper court *nunc pro tunc*. That we have the power to allow appeals *nunc pro tunc* is undoubted. See Com. *v.* Mitchell, 20 Montg. Co. Law Repr. 49, for the rules governing such cases. That the court has power to quash an appeal of its own motion where there has been no allowance, see Com. *v.* Antone, 22 Pa. Superior Ct. 412. The only reason suggested upon the argument by the learned counsel for the defendant for granting the appeal *nunc pro tunc* was the evidence before the squire was insufficient. In the return to the *certiorari*, the justice sets forth the evidence of a witness who testified "that he saw the defendant's dogs running loose, and that he heard them chasing something." Another witness testified that "he accompanied the game protector to the defendant's place and that the dogs were then not tied, and that a young collie pup had the hind portion of a full grown, fresh killed, rabbit and was eating of it." The complaint is that the justice erred in his conclusion upon the evidence. Section 1109, above, provides that an appeal shall only be allowed upon cause shown, and our first rule of court, title "Appeals," applies to the procedure. In Com. *v.* Blank, 6 Northamp. Co. Repr. 374, Judge Scott said: "Appeals from summary convictions are not allowed for reconsideration of a case upon the merits 'if the party has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful *legal* question is involved or there is something to indicate oppressive corruption or disregard of law on the part of a magistrate, *or after-discovered evidence*.' (Thompson *v.* Preston, 5 Pa. Superior Ct. 157.) The law has committed the decision of the case to the justice, and, unless the above conditions exist, the judge exercises no power over it, even if he might conceive the evidence would support a different conclusion." He followed that rule in Com. *v.* Coleman, 10 Northamp. Co. Repr. 220, the syllabus of which is: "A *certiorari* to a judgment of summary conviction before a magistrate under a statute for a penalty will be quashed when issued without a special *allocatur* from the court. The writ will not be allowed *nunc pro tunc* when the defendant appeared and the record shows he has been fully heard upon the merits by witnesses, when no oppression is alleged, no doubtful legal question involved affecting the construction of the statute under which the complaint was made, and technical objections only suggested to the sufficiency of the record." We followed it in Com. *v.* Kelley et al., 15 Northamp. Co. Repr. 407, and Judge Reno followed the principle in Wetherhold *v.* Rex, 3 D. & C. 382. We can make no order as to the appeal, because on the record the only matter is the rule to show cause why the *certiorari* should not be quashed, but it will be noted that if an appeal were allowed, it would have to be determined by the court, and not by a jury, and, in our judgment, the determination of the justice of the peace as to matters of fact ought to stand. In conclusion, as this is a practice case, we call attention of the members of the bar to the late Act of April 1, 1925, P. L. 98, which also provides for allowance by the court upon cause shown in appeals from summary convictions and in suits for penalties.

And now, June 13, 1927, rule absolute and *certiorari* quashed, and judgment of the justice of the peace affirmed.

From Henry D. Maxwell, Easton, Pa.