## Commonwealth v. Fox et al.

*Gilbert P. High,* for Commonwealth.

*Ralph J. Rinalducci* and *Thomas Bulfamonte,* for defendants.

DANNEHOWER, J., November 22, 1937.—Defendants were sentenced by a justice of the peace upon a summary conviction, for violation of the Act of June 7, 1901, P. L. 492, known as the Professional Thieves Act. The following day, counsel for defendants filed a petition for allow-

ance of a writ of certiorari to said justice of the peace. This petition was signed and sworn to by the attorneys for defendants, the affidavit averring that the "facts set forth are true and correct to the best of their knowledge, information and belief". Upon this petition a rule was granted upon the district attorney to show cause why a certiorari should not issue. The present motion to quash said petition was filed, alleging that the petition was not signed or sworn to by the parties, but by their attorneys, and that the affidavit failed to aver that the writ was not taken for the purpose of delay and was not taken before a judge, a prothonotary, or the justice of the peace before whom the proceedings were held, but by some other justice of the peace.

The motion to quash is based upon the provisions of the Act of May 22, 1895, P. L. 100, sec. 1, 42 PS §953, which supplements the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, and relates to civil actions only: Commonwealth v. Mountain, 64 Pitts. 340; Commonwealth v. Mitchell, 20 Montg. 49; Commonwealth ex rel. v. Betts, 76 Pa. 465.

Certiorari to courts not of record is allowed solely by constitutional authority. Article 5, sec. 10, of the Constitution of Pennsylvania provides:

"The judges of the courts of common pleas, within their respective counties, shall have power to issue writs of certiorari to justices of the peace and other inferior courts not of record, and to cause their proceedings to be brought before them, and right and justice to be done."

Valentine on Subordinate Courts in Pennsylvania, 688, sec. 362, says: "Special allowance of certiorari in penal actions is not required." Commonwealth v. Antone, 22 Pa. Superior Ct. 412, decides a certiorari is not a writ of course, but obtainable at the prayer of the defendant upon proper motion. Therefore, a special allowance from the court of common pleas must be had for a writ of certiorari. This petition praying for a writ of certiorari must

not be confused with an appeal from a summary conviction.

We are of the opinion, therefore, that the Commonwealth's motion to quash the petition for writ of certiorari is without merit and should be refused.

And now, November 22, 1937, for the foregoing reasons, the motion to quash defendants' petition for allowance of writ of certiorari is hereby overruled and refused, and it is ordered and directed that a certiorari issue, directed to Isaac L. Kehoe, Esq., a justice of the peace of the Borough of Norristown, Montgomery County, Pa., requiring him to certify and send the record of the proceedings before him, wherein the Commonwealth of Pennsylvania was complainant and Joseph Fox and Jacob Blum were defendants, so that he have it before the judges of our court on or before Friday, December 3, 1937, at 10 a.m.