## Commonwealth v. Radomski

*J. Stroud Weber*, assistant district attorney, for Commonwealth.

*Therman P. Britt*, for defendant.

KNIGHT, P. J., July 25, 1945.—Petitioner was arrested on March 8, 1945, charged with speeding. He was found guilty by a justice of the peace, and was sentenced to pay a fine of $10 and costs.

He has now asked that a writ of certiorari be awarded, alleging that the information before the justice was defective. The information charges: "At or about the hour of 3:37 o'clock P. M. on the 6th day of December, 1944, one Frank J. Radomski, residing at 244 Queen Lane, Philadelphia, Pennsylvania, the driver of a certain motor vehicle bearing Pennsylvania registration license tag number R55AK, violated Sub-Section . . ., section 1002, Article D, of the Vehicle Code of the Commonwealth of Pennsylvania. while driving on the public road, on Route 611, in Horsham, Pennsylvania, you exceeded the speed limit (speed 50 miles per hour)."

Petitioner contends that this information is defective, because: (1) The information does not name the township, borough or county where the violation occurred; (2) the information charges a violation of article "D" of section 1002 of The Vehicle Code of May 1, 1929, P. L. 905, and there is no such article; (3) the information fails to designate by section and subsection the provision of the code alleged to have been violated.

Petitioner also alleges that the proceedings were illegal and that he is innocent of the offense charged.

The Commonwealth in its answer contends that the matters set up by petitioner are insignificant technicalities, insufficient to warrant the granting of a writ; and also avers that the affidavit to the petition is not in "proper form as required by the statutes governing a writ of certiorari".

So far as the first objection is concerned, we are of the opinion that it is without merit. The information charges the alleged offense was committed in Horsham on route 611, and we believe we could take judicial notice of the fact that Horsham is in Montgomery County.

The second and third objections may be considered together, and have merit.

Section 1002 of article X of The Vehicle Code of May 1, 1929, P.L. 905, as amended, places certain restrictions on the speed of motor vehicles. Subsection (e) of this section provides that every information charging a violation of the section shall contain a reference to the section and subsection alleged to be violated.

The present information refers to section 1002, but does not set forth the subsection on which the complaint is based. Instead it specifies article "D" of The Motor Vehicle Code, and there is no such article.

Even if we were to take the view that the word "article" was inadvertently used for the word "subsection", it would leave the Commonwealth in no better

position for subsection (*d*) of section 1002, merely provides a method of timing speed on a highway within a business or residence district where official speed limit signs have been erected.

The prosecution was no doubt brought under subsection (*b*) 4 of section 1002. But to hold that the information was sufficient would require us not only to ignore its plain words and substitute our own, but would require us to take judicial notice that Horsham is entirely a residence or business district, which it is not, and that official signs had been properly erected limiting the speed to 25 or 35 miles per hour. This is too much to ask of the court. We entertain little doubt that this defendant knew exactly what he was charged with, and where the offense was alleged to have been committed, and it may very well be that he was guilty. But it is important that police officers and justices of the peace should also observe the law and proceed according to its mandates.

The Commonwealth contends that the affidavit for the allocatur is not in conformity with the Act of March 20, 1810, P. L. 208, 42 PS §951.

There can be no doubt that the affidavit does not comply with the act, but we have reached the conclusion that the act does not apply to criminal cases, and this is a criminal case.

We realize that there is substantial authority to the contrary (see Sadler, Criminal Procedure in Pennsylvania, §845, p. 963) and that this court has held that the act applies to appeals from summary convictions (see Commonwealth v. Scholl, 60 Montg. Co. 347 (1944)), but further research discloses Commonwealth v. Antone, 22 Pa. Superior Ct. 412 (1903), in which the appellate court held (p. 415) : "The act of March 20, 1810, [the act in question] . . . relates exclusively to civil actions." See also Caughey v. Mayor, Alderman and Citizens of Pittsburgh, 12 S. & R. 53 (1824);

Commonwealth ex rel. v. Betts, 76 Pa. 465 (1874);
Leader v. Commonwealth, 25 Dist. R. 573 (1913).

It will be noted that all of the cases cited in Commonwealth v. Scholl, supra, are civil cases.

At the present time the only thing we have before us is the rule to show cause why an allocatur should not be granted. We will make this rule absolute, and it may be that what we have said in this opinion will determine the case.

And now, July 25, 1945, rule absolute.