## Harborcreek Township School District v. Bennett

*George W. Schroeck*, for appellant.

*Robert J. Firman* and *William W. Knox*, for appellee.

EVANS, P. J., May 3, 1951.—This matter is before us on a motion to quash a writ of certiorari and a motion for affirmance of the judgment of a justice of the peace.

From the transcript of Oscar N. Dick, justice of the peace in Harborcreek Township, Erie County, Pa., we find that an information was made against defendant charging him with violation of an ordinance by the School District of Harborcreek Township requiring residents of that township to file income tax returns to the receiver of taxes for the township. It further appears from the transcript that witnesses were called to show that defendant was a resident of the township and was regularly employed during the taxable period at the General Electric Company in Erie County and received earnings for such employment. Defendant claimed that the justice of the peace had no jurisdiction

in the matter and therefore offered no testimony. He was adjudged guilty as charged, and fined $50 and costs.

On November 15, 1950, defendant appeared with bondsman and furnished bail in the amount of $300, stating his intention of taking an appeal. The transcript of the justice of the peace was mailed to the office of the District Attorney of Erie County on November 24, 1950, and thereafter was returned by the District Attorney on November 28, 1950, for the reason that the appeal had not been perfected by a petition to the Court of Quarter Sessions for allowance thereof. On December 2, 1950, defendant, by attorney, filed a praecipe for certiorari in the office of the Prothonotary of the Common Pleas Court following which a transcript showing the facts as above recited was filed in the office of the prothonotary. A motion to quash the writ was filed December 7, 1950, and a motion for affirmance of the judgment of the justice of the peace was filed January 15, 1951. Each of these motions set forth reasons therefor.

A special allowance from the Court of Common Pleas is necessary for a writ of certiorari to a justice of the peace in a criminal case: Commonwealth v. Antone, 22 Pa. Superior Ct. 412.

In our opinion this is an offense against the public and therefore criminal in character as distinguished from a violation of an ordinance the penalty for which is in the nature of a civil action for the recovery of damages.

The requirement of a special allowance of the Common Pleas Court for a writ of certiorari in such cases is to prevent the use of the writ for purposes of delay: Commonwealth v. Antone, supra.

If, as contended by defendant, this action is civil in nature, the rules granted on the motions before us must nevertheless be made absolute because of de-

fendant's failure to file exceptions by the fourth day of the same week that the writ was sued out, as required by section 4 of rule 12 of our rules of court.

And now, to wit, May 3, 1951, the rule granted December 7, 1950, on the motion to quash, and the rule granted January 15, 1951, on the motion for affirmance of the judgment of the justice of the peace, are made absolute.