## Commonwealth v. Brunwasser

*Harold S. Irwin, Jr.*, Assistant District Attorney, for the Commonwealth.

*Tom H. Bietsch*, for defendant.

JACOBS, J., January 21, 1958.—Defendant was convicted before a justice of the peace on a charge of reckless driving brought under The Vehicle Code of May 1, 1929, P. L. 905. A writ of certiorari was allowed by this court on November 24, 1956. On August 27, 1957, the Commonwealth filed a motion to quash the writ of

certiorari on the ground that the affidavit on which the certiorari was granted was not taken before the proper official. The affidavit was taken before a notary public.

The Commonwealth cites the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, and its supplements, 42 PS §§951, 952, 953, 954 and 955, which require that the affidavit on which an application for certiorari is based shall be taken before the judge granting the writ, the prothonotary or the justice of the peace before whom the case is pending. In cases covered by the Act of 1810 and its supplements, writs of certiorari based on affidavits taken before any other official have been consistently quashed. Defendant contends that the Act of 1810 and its supplements apply only to civil cases; that the case now before the court is a criminal case and that in such case the affidavit may be taken before any person authorized to administer oaths.

The basic power of the courts of common pleas to bring up the record of the justice of the peace courts by certiorari comes from the Constitution of Pennsylvania. It can now be found in article V, sec. 10, of the Constitution of 1874. Prior to that time a similar power was given by the Constitutions of 1838 and 1790. The restrictions set forth in the Act of 1810 and its supplements are a limitation of the constitutional power. Unless the Act of 1810 is applicable to the case now before the court, there is no sound reason for prohibiting this affidavit from being taken before a notary public who is authorized to administer oaths in the Commonwealth of Pennsylvania.

One of the restrictions imposed by the Act of 1810 is a requirement that the certiorari must be issued within 20 days after the judgment. In Caughey v. City of Pittsburgh, 12 S. & R. 53 (1824), the Supreme

Court of Pennsylvania held that a certiorari from a summary conviction for a penalty could be issued by the court of common pleas after the expiration of the 20 days because the Act of 1810 applies only to civil actions.

The Act of April 26, 1855, P. L. 304, 42 PS §955, provides that a special allowance by the court is not necessary to procure a writ of certiorari from a justice of the peace. The Superior Court of Pennsylvania, in Commonwealth v. Antone, 22 Pa. Superior Ct. 412, held that the Act of 1855 was a supplement to the Act of 1810, and that the Act of 1810 applied only to civil actions. Therefore, the court found that the prior practice, namely, that a special allowance must be granted for a certiorari in a criminal case was still in effect. The case before the justice of the peace in Commonwealth v. Antone was a summary proceeding for a violation of the Sunday Laws.

We are satisfied that the Act of May 22, 1895, P. L. 100, 42 PS §953, permitting the affidavit for a certiorari to be taken before a justice of the peace before whom the case is pending is also a supplement to the Act of 1810. The Act of February 3, 1817, P. L. 31, 6 Sm. L. 398, 42 PS §952, is by its terms a supplement to the Act of 1810. By the Act of 1817 the affidavit was permitted to be taken before the prothonotary as well as the judge allowing the writ. The Act of 1895 is obviously a further extension of the right to take the affidavit required under the Act of 1810, because it permits the affidavit to be made before the justice of the peace before whom the case is pending "as though the recognizance had been entered into and affidavit made before such prothonotary" where the affidavit is filed. Therefore, we are satisfied that the requirement that the affidavit be taken before the judge allowing the writ, the prothonotary in whose office the

writ is filed or the justice of the peace before whom the case is pending applies only to the class of cases covered by the Act of 1810 which our appellate courts have already decided are civil cases.

The Commonwealth relies on the case of Commonwealth v. Scholl, 60 Montg. 347 (1944). It is true that that case involved a certiorari from a summary conviction under The Vehicle Code and Judge Dannehower held that the affidavit for the writ must be taken before the judge allowing the writ, the prothonotary or the justice to whom the writ was issued, and that an affidavit taken before anyone else was improper. However, all the cases cited by Judge Dannehower in support of his opinion including his own decision in Carson v. Adamson, 29 D. & C. 213 (1936), were civil cases. It should be pointed out that the same court, namely the Court of Common Pleas of Montgomery County, in the following year, 1945, in the case of Commonwealth v. Radomski, 55 D. & C. 77, reversed itself. In the Radomski case, which was a summary conviction for speeding, Judge Knight, in passing on the affidavit, reached the conclusion that the Act of 1810 did not apply to criminal cases and that a summary conviction under The Vehicle Code was a criminal case. Judge Knight commented on the prior case of Commonwealth v. Scholl and pointed out, as we have, that all of the cases cited therein were civil cases.

There is no doubt in our mind that a summary proceeding under The Vehicle Code is a criminal action and certiorari therefrom is not governed by the Act of 1810. As authority for this we cite Commonwealth ex rel. Johnson v. Betts, 76 Pa. 465. In that case a proceeding was started before a justice of the peace for the recovery of a penalty for destroying a drain in the public road. The Supreme Court held that the Act of 1810 did not apply to such a proceeding. The fol-

lowing quotation from that opinion on page 471 is equally applicable to the case at hand:

"We are therefore of opinion that an action such as this, in the name of the Commonwealth, to recover a penalty for a statutory offence, is not a civil action, such as is meant in the 22nd and 24th Sections of the Act of 1810. It may be so in form, but in its true nature and effect, it is a proceeding for a criminal offence. . . ."

The only matter properly before the court at this time is the motion to quash the writ of certiorari. We will therefore take action on that alone.

*Order*

And now, January 21, 1958, at 2 p.m., the motion to quash the writ of certiorari is dismissed.